IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE:<br>JILLIAN W. ANDREWS,<br>    Debtor. | )<br>)<br>)<br>) | Chapter 7 Case No. 20-11062-SDB |
| ASHLEY ANDREWS,<br>    Plaintiff, | )<br>)<br>) | ADVERSARY PROCEEDING NO.:<br>21-01001-SDB |
| v. | )<br>) | |
| JILLIAN W. ANDREWS,<br>    Defendant. | )<br>) | |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference.

   ANSWER: June 3, 2021.

2. Parties or counsel who participated in conference.

   ANSWER: Nathan Huff, attorney for Plaintiff, and Joseph Spires, attorney for Defendant.

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

   ANSWER: The named defendant has been served.

4. If defendant(s) have failed to cooperate, please disclose plaintiff's efforts to comply with 26(f).

   ANSWER: All Defendant(s) have cooperated.

5. Date the Rule 26(a)(1) disclosures were made or will be made.

   ANSWER: The parties stipulate that the disclosures will be waived and/or incorporated in the normal course of discovery.

6. If any part objects to making the initial disclosures required by Rule 26(a)(1) or proposed changes to the timing or form of those disclosures.
   (a)   Identify the party or parties making the objection or proposal; and
   (b)   Specify the objection or proposal.

ANSWER: Not applicable.

7. The Local Rules provide a 140 day period for discovery. If any party is requesting a reduction of or additional time for discovery,
   (a) Identify the party or parties requesting the change.
   (b) State the party or parties requesting the change.
   (c) Identify the reason(s) for requesting the time change for discovery.
   (d) Please provide a brief statement in support of each of the identified reasons.

   ANSWER: At this time, no party requests any reduction or additional time for discovery.

8. If any party is requesting that discovery be limited to particular issues or conducted in phases, please
   (a) Identify the party or parties requesting such limits.
   (b) State the nature of the proposed limits.

   ANSWER: Not applicable.

9. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| **Last day for filing motions to add Or join parties or to amend pleadings** | **60 days after issue is joined** |
| **Last day to furnish expert witness report by plaintiff** | **60 days after Rule 26(f) conference** |
| **Last day to furnish expert witness report by defendant** | **90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later)** |
| **Last day to file Rule 7016(b) motion Regarding entry of final orders and judgments** | **30 days after close of discovery** |
| **Last day to file motions Excluding motions in limine** | **30 days after close of discovery** |
| **Last day to file motions in limine other Than Daubert motions** | **7 days prior to the pre-trial conference** |

If any party requests a modification of any of these deadlines,

   (a) Identify the party or parties requesting the modification,
   (b) State which deadline should be modified and the reason for supporting the request.

   ANSWER: No modification is requested at this time.

10. If the case involves electronic discovery,
    (a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:
    (b) Identify any issues regarding electronically stored information as to which the parties have been able to reach an agreement:

    ANSWER: At this time, neither party foresees the need for e-discovery; however, neither party waives their rights to conduct e-discovery should the need arise.

11. If the case is known to involve claims of privilege or protection of trial preparation material,
    (a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production either electronic or other discovery material:
    (b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court addressing such matters):
    (c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

    ANSWER: The case does not involve claims of privilege or the like.

12. State any other matters the Court should include in its scheduling order.

    ANSWER: None at this time.

13. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities of prompt settlement or resolution of the case. Please state any specific problems that hinder the settlement of the case.

    ANSWER: The Parties disagree on the issues of liability and the amount of damages.

Respectfully submitted as of the 3rd day of June, 2021.

Nathan Huff
Ga. Bar No. 773611
nhuff@cwhllp.com
Attorney for Plaintiff

CLEARY, WEST & HUFF, LLP
1223 GEORGE C. WILSON DR.
AUGUSTA, GA 30909
(706) 860-9995

Joseph Spires
Ga. Bar No. 672271
wardspires@aol.com
Attorney for Defendant

WARD & SPIRES, LLC
445 Walker Street
Augusta, GA 30901
(706) 250-7797